IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,            No. 20-cr-00050-HZ

         Plaintiff,            OPINION & ORDER

     v.

JODY TYLER SHELTON,

         Defendant.

Natalie K. Wight
William M. Narus
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

     Attorneys for Plaintiff

Jody Tyler Shelton
USM #81825-065
FCI Phoenix
37910 North 45the Avenue
Phoenix, AZ 85086

     Defendant, *Pro Se*

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter comes before the Court on Defendant's Motion for Compassionate Release, ECF 83. For the reasons that follow, the Court denies Defendant's Motion.

## BACKGROUND

On February 12, 2020, Defendant was indicted on one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On November 3, 2021, Defendant pled guilty to the one count of possession with intent to distribute heroin. On October 4, 2022, the Court sentenced Defendant to 92 months imprisonment followed by a four-year term of supervised release.[1]

On May 6, 2024 Defendant filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court took Defendant's Motion under advisement on July 8, 2024.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The First Step Act of 2018, Pub. L. No. 115-391, 132

---

[1] Defendant's projected release date is August 24, 2026.

Stat. 5191 (2018), however, amended § 3582(c)(1)(A) to allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)    Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons. Before November 1, 2023, the Sentencing Commission's policy statement applied only to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. The Ninth Circuit concluded that on a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. at 802 (citation omitted). On November 1, 2023, however, the Sentencing Commission amended the sentencing guidelines and explained that the amendment "extends the applicability of the policy statement to defendant-filed motions." U.S. Sentencing Commission, *Amendments to the Sentencing Guidelines* (Effective Nov. 1, 2023) at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. Accordingly, a defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the policy statement.

3 - OPINION & ORDER

The policy statement identifies categories of extraordinary and compelling reasons to be considered individually and in the aggregate: the defendant's medical conditions, age, family circumstances, and status as a victim of abuse. U.S.S.G. § 1B1.13(b)(1)-(4). The policy statement also contains a catchall provision for other circumstances that, alone or when combined with circumstances from the specified categories, are "similar in gravity." *Id.* § 1B1.13(b)(5).

A defendant seeking a reduction of his sentence bears the burden to establish that he has exhausted administrative remedies and that extraordinary and compelling reasons warrant a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020)(citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)(defendant bears the burden to establish entitlement to sentencing reduction)).

## DISCUSSION

### I. Exhaustion

Defendant requested compassionate release from the warden of FCI Phoenix more than 30 days before he filed his Motion and received no response. Def.'s Mot. at 4. Accordingly, Defendant's Motion is ripe for review.

### II. Extraordinary and Compelling Reasons

Defendant seeks compassionate release on the grounds that (1) he suffers from hepatitis C and cirrhosis of the liver for which the Bureau of Prisons ("BOP") has failed to provide him with adequate care, (2) his hepatitis C and liver cirrhosis constitute extraordinary and compelling reasons to reduce his sentence, and (3) he is housed in a "crowded prison unit[], which do[es] not allow for proper social distancing."

### A. Medical Care

Defendant asserts that medical staff at FCI Phoenix are committing a "deliberate and knowing failure to provide medical care" such that he is suffering cruel and unusual punishment, contrary to the protections of the Eighth Amendment. Def.'s Mot. at 4.

Several district courts have held that "[a]ny Eighth Amendment arguments defendant may have regarding the conditions of confinement may be properly brought in a habeas petition or a direct civil claim, not a motion for compassionate release." *United States v. Rollness*, No. CR06-041RSL, 2021 WL 4476920, at *6 n.6 (W.D. Wash. Sept. 30, 2021) (collecting cases). The Ninth Circuit, however, has not addressed the issue in a published opinion, and has specifically declined to rule on whether Eighth Amendment claims may be brought under § 3582(c)(1)(A) in its unpublished opinions. *See, e.g., United States v. Wheeler*, 837 F. App'x 542 (9th Cir. 2021); *United States v. Rivera*, 845 F. App'x 683 (9th Cir. 2021); *United States v. Alcaraz*, No. 22-10097, 2022 WL 12030043 (9th Cir. Sept. 19, 2022); *United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020). Accordingly, although Defendant's Eighth Amendment issues are likely better suited to a habeas petition or civil rights action, "there appears to be no barrier preventing the Court from considering his [allegations] under the compassionate release framework." *United States v. Slaughter*, No. CR13-359RSL, 2023 WL 5609339, at *4 (W.D. Wash. Aug. 30, 2023)(citing *United States v. Roper*, 72 F.4th 1097, 1100-01 (9th Cir. 2023)(noting the "broad discretion" district courts have in determining "what may constitute extraordinary and compelling reasons")).

Defendant asserts that the lack of an on-site phlebotomist and "regular blood work" indicates his hepatitis C has been "ignored" and, as a result, he developed cirrhosis of the liver. A review of Defendant's BOP medical records, however, reflects that between February

5 - OPINION & ORDER

and May 2024 he had had ten visits with BOP medical providers to address his medical needs including those related to hepatitis C and cirrhosis of the liver. Mot. to Seal, ECF 90, Ex. A, at 1-16. Between August and November 2023 Defendant was seen one or two times per month by BOP health providers to address his issues with hepatitis C, diabetes, hearing loss, vision, anemia, and anxiety. Defendant receives regular medication for his conditions and reported in February 2024 that they were working. *Id*. at 7. In addition, blood work was ordered for Defendant on February 8, 2024.

The Court concludes on this record that Defendant has not established a lack of medical care rising to the level of an extraordinary or compelling reason to reduce his sentence.

### B. Medical Conditions

Defendant asserts his hepatitis C and liver cirrhosis constitute an extraordinary or compelling reason to reduce his sentence. An extraordinary or compelling reason for compassionate release exists when a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Application Note to U.S.S.G. § 1B1.13(1)(A).

There is no evidence that Defendant is unable to provide self-care in the environment of a correctional facility. In fact, Defendant has been able to pursue significant amounts programming including the residential drug and alcohol treatment program and he has "participated in rehabilitative programs to address his criminal thought process [and] other behavioral issues." Def. Mot., ECF 83, at 19. Defendant notes he has completed 35 educational and rehabilitative programs since 2020, is currently participating in two programs, and is waiting to participate in four more programs. *Id*. at 25-27. *See, e.g., United States v. Bigleggins*, No. CR-

22-30-GF-BMM, 2024 WL 3520785, at *2 (D. Mont. July 23, 2024)("Bigleggins remains capable of providing self-care . . . . He . . . has been able to pursue programming when not placed in the Special Housing Unit.").

Defendant also has not established that he is not receiving adequate care from the BOP for his conditions. In addition, courts that have addressed the issue have concluded that hepatitis C and a cirrhosis diagnosis do not by themselves establish extraordinary and compelling reasons to reduce a sentence. *See, e.g., United States v. Garcia*, No. 16-CR-01004-BAS-2, 2023 WL 2145512, at *2 (S.D. Cal. Feb. 21, 2023)(the defendant's "liver cirrhosis, Hepatitis-C, high blood pressure, hypertension, astigmatism, myopia, gastro-esophageal reflux, and low back pain" were not extraordinary and compelling reasons warranting his release from custody); *United States v. Perez*, No. 20CR0645 DMS, 2022 WL 901552, at *2 (S.D. Cal. Mar. 28, 2022)(the defendant's severe asthma, hypothyroidism, hypertension, cirrhosis of the liver and hepatitis C, high cholesterol, and obesity were not extraordinary and compelling reasons to reduce sentence because "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release"). Courts have also found that conditions similar to Defendant's are not extraordinary and compelling reasons to reduce sentence. *See, e.g., United States v. Pomo,* No. 17CR4360 WQH, 2020 WL 7342659, at *4 (S.D. Cal. Dec. 14, 2020)(increased risk of COVID-19 due to chronic conditions, such as schwannomatosis, chronic kidney disease, and heart disease, did not warrant compassionate release).

The Court concludes Defendant's conditions do not constitute extraordinary and compelling reasons to reduce his sentence.

### C.  Conditions of Confinement

Defendant asserts he is housed in a "crowded prison unit[], which do[es] not allow for proper social distancing." This Court and other district courts in the Ninth Circuit have held that "[g]eneral conditions in a prison related to COVID-19, without some circumstance individual to a particular defendant, 'are not sufficient to reduce [the] defendant's sentence.'" *United States v. Willis*, No. 3:12-CR-00292-HZ, 2023 WL 2625530, at *4–5 (D. Or. Mar. 22, 2023)(quoting *United States v. Martinez*, No. 15-CR-1299-2-GPC, 2022 WL 126306, at *4 (S.D. Cal. Jan. 13, 2022)). The *Martinez* court explained:

> While the Court is sympathetic to the heightened stressors and hardships during the pandemic and diminished access to rehabilitative programming, the changed conditions adopted by the Bureau of Prisons ("BOP") in response to the pandemic are unlikely to constitute extraordinary and compelling reasons for compassionate relief when not taken in combination with other individual circumstances, because such conditions apply to most, if not all, federal inmates in BOP custody.

2022 WL 126306, at *4. *See also United States v. Bolden*, No. CR16-320-RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020)("[G]eneral conditions that affect inmates indiscriminately throughout the prisons are insufficient to support an individual defendant's claim for compassionate release."). The pandemic-related conditions at FCI Phoenix, where Defendant is incarcerated, apply to all prisoners, rather than to Defendant in particular. The Court, therefore, concludes the conditions under which Defendant is serving his sentence do not constitute an extraordinary and compelling reason to reduce his sentence.

### III.  Sentencing Factors

The government asserts even if Defendant's medical conditions satisfy the criteria of U.S.S.G. § 1B1.13(b)(2), the § 3553(a) factors counsel against any reduction in Defendant's sentence and, therefore, the Court should deny Defendant's Motion.

8 - OPINION & ORDER

Before modifying an imposed term of imprisonment, a Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). A district court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public." *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021)(internal quotation and citation omitted).

The nature and circumstances of Defendant's offenses are serious. In January 2020, while Defendant was on supervised release from a prior conviction for delivery of heroin, delivery of methamphetamine, and fleeing or attempting to elude a police officer, police found him with 116.83 grams of heroin, 1.13 grams of methamphetamine, $5,612 in U.S. currency, and a stolen Ruger LCR .38 caliber revolver. Presentence Report ("PSR"), ECF 67, at 2.

Defendant's history and characteristics are troubling. Defendant has a lengthy criminal history dating to the early 1990s. He has prior felony convictions for robbery II, criminal mistreatment I, aggravated theft I, theft I, possession of a controlled substance, possession of heroin, possession of methamphetamine, supplying contraband, possession of heroin, and delivery of heroin and methamphetamine. He also has misdemeanor convictions for assault IV, unauthorized departure, and menacing. In all, Defendant has approximately 50 arrests and over

30 criminal convictions. Defendant has a history of noncompliance including failing to appear, contempt of court, fleeing from police, and absconding.

In summary, the nature and circumstances of Defendant's underlying offenses are significant and the history and characteristics of Defendant are troubling. The sentence imposed by this Court reflects the seriousness of the offenses, affords adequate deterrence, and protects the public from further crimes by Defendant. *See* 18 U.S.C. § 3553(a)(2). The Court, therefore, concludes that Defendant has not carried his burden to show that a reduction of his sentence would be consistent with the federal sentencing factors. Accordingly, the Court denies Defendant's Motion for Compassionate Release.

## CONCLUSION

The Court DENIES Defendant's Motion for Compassionate Release, ECF 83.

IT IS SO ORDERED.

DATED: September 12, 2024.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge